1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
9

THE 8501 CONDOMINIUMS, a Washington
Non-Profit Corporation,

NO.

10

Plaintiff,

11

v.

COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, BAD
FAITH, CONSUMER PROTECTION ACT
VIOLATIONS, AND DAMAGES

12
13
14

COMMONWEALTH INSURANCE COMPANY
OF AMERICA, a Delaware Corporation;
ACCELERANT NATIONAL INSURANCE
COMPANY, a Delaware Corporation; and DOE
INSURANCE COMPANIES 1-10,

JURY DEMAND

15

Defendants.

16
17

The 8501 Condominiums (the "Association") alleges as follows:

## I.  INTRODUCTION

18
19

1.1    This is an action for declaratory judgment (including money damages), breach of contract,

bad faith, Consumer Protection Act ("CPA") violations, and money damages seeking:

20
21

(A)    A declaration of the rights, duties and liabilities of the parties with respect to certain

controverted issues under Accelerant National Insurance Company and Commonwealth Insurance

22
23

Company of America (hereafter referred to as "Commonwealth") policies issued to the

Association. The Association is seeking a ruling that each of Commonwealth's policies provide

24
25

coverage for hidden damage at the 8501condominium complex and that Commonwealth is liable

for money damages for the cost of repairing hidden damage at the 8501 condominium complex.

26
27

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT
VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

(B)     Attorneys' fees (including expert witness fees) and costs.

(C)     Money damages for the cost of repairing covered damage, bad faith, breach of contract, and violations of the CPA.

(D)     Any other relief the Court deems just and equitable.

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     The Association. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association consists of the owners of the thirty-three residential units.  The Association was formerly an unincorporated nonprofit association. On information and belief prior to 2013, there was a period of time where the Association conducted business under the name "Crown Hill Condominium Association" and/or "Crown Hill Condominium" collectively referred to as "Crown Hill." On May 1, 2013, the Association incorporated under the name listed on it original declaration, "The 8501 Condominiums."

2.2     The Association is a continuation of the same condominium association that contracted for insurance with Commonwealth. The Association operates consistent with its obligation under the same governing documents as in effect when Commonwealth issued its policies, had the same units owners (which act as members of the Association) immediately after incorporation, continues to be managed by a volunteer Board of directors comprised of unit owners, and maintains the same Association records and insurance policies. The Association was also responsible both before and after incorporation for maintaining the common and limited common elements at issue in this claim.

2.3     In addition, and/or in the alternative, all contractual rights of the unincorporated association were assigned and transferred to the Association upon the filing of the Articles of Incorporation. The Association is the successor in interest to Crown Hill with full legal rights under the Commonwealth policy.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT
VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

2.4   Commonwealth. Commonwealth Insurance Company of America on information and belief is domiciled in Delaware with its principal place of business in Sandy Springs, Georgia. Commonwealth issued property insurance policies to the Association and/or for  which the Association has full legal rights to recover from including but not limited to Policy No. CICA 2501 (in effect from at least July 1, 2007 to July 1, 2008). The Association is seeking coverage against all Commonwealth policies issued to the Association.

2.5   Accelerant.  Accelerant National Insurance Company is domiciled in Delaware with its principal place of business in Sandy Springs, Georgia. On information and belief Accelerant National Insurance Company is the successor in interest to Commonwealth Insurance Company of America. On information and belief Accelerant National Insurance Company was formerly known as Commonwealth Insurance Company of America. Accelerant National Insurance Company assumed all rights, obligations, and liabilities under the insurance contracts issued by Commonwealth Insurance Company of America including but not limited to policy no. CICA 2501 issued to the Association. As set forth above Accelerant National Insurance Company and Commonwealth Insurance Company of American are hereinafter collectively referred to as "Commonwealth."

2.6   Doe Insurance Companies 1–10.  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the 8501 Condominium complex as covered property.

2.7   8501 Insurers.  Commonwealth and Doe Insurance Companies 1–10 shall be collectively referred to as the "8501 Insurers."

2.8   8501 Policies. The policies issued to the Association by the 8501 Insurers shall be collectively referred to as the "8501 Policies."

### III.   JURISDICTION AND VENUE

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT
VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

3.1    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the 8501 Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

## IV.    FACTS

4.1    Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2    Tender to Commonwealth.  In September, 2020, the Association tendered its claim to Commonwealth for recently discovered hidden damage at the 8501 condominium complex.

4.3    Joint Intrusive Investigation.  The Association hired an investigative firm, J2 Building Consultants ("J2"), to investigate the extent of damage at the 8501 condominium complex. J2 in conjunction with the Association's historical insurers, including Commonwealth, performed a Joint Intrusive Investigation at the 8501 condominium complex. The Association understands from J2 that the investigation revealed extensive hidden damage to sheathing, framing, and weather-resistive barrier throughout the property attributable to long term, incremental and progressive water damage. The Association's further understanding from its experts that the cost to repair these hidden damages is in excess of $3,5,000.00 which exceeds the jurisdictional limit of $75,000.

4.4    Commonwealth's Denial of the Association's Claim.  On February 11, 2022, Commonwealth unreasonably denied coverage for the Association's insurance claim.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

## V.     FIRST CLAIM AGAINST THE 8501 INSURERS:
## DECLARATORY RELIEF THAT THE 8501 POLICIES PROVIDE COVERAGE

5.1    Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2    Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)    The 8501 Policies cover the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the 8501 condominium complex.

(B)    No exclusions, conditions, or limitations bar coverage under the 8501 Policies.

(C)    The loss or damage to 8501 condominium complex was incremental and progressive. New damage commenced during each year of the 8501 Policies.

(D)    As a result, the 8501 Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the 8501 condominium complex.

## VI.    SECOND CLAIM: AGAINST COMMONWEALTH FOR
## BREACH OF CONTRACT

6.1    Incorporation.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2    Commonwealth has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the 8501 condominium complex.

6.3     Commonwealth breached its contractual duties by wrongfully denying coverage on February 11, 2022, and by failing to pay the cost of repairing the covered damage to the 8501 condominium complex.

6.4     As a direct and proximate result of Commonwealth's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5    Additional Damages. As a direct and proximate result of Commonwealth's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs,

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT
VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

1 investigation costs and other expenses in order to prosecute this action, the sole purpose of which
2 is to obtain the benefits of the Association's insurance contracts.

3 **VII.    THIRD CLAIM: AGAINST COMMONWEALTH FOR INSURANCE BAD FAITH**

4 7.1    Incorporation by Reference. The Association re-alleges and incorporates by reference the
5 allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

6 7.2    The business of insurance is one affected by the public interest, requiring that all persons be
7 actuated by good faith, abstain from deception, and practice honesty and equity in all insurance
8 matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer
9 to deal fairly with its insured. The insurer must give equal consideration to its insured's interest
10 and its own interest and must not engage in any action that demonstrates a greater concern for its
11 own financial interest than its insured's financial risk. An insurer who does not deal fairly with its
12 insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

13 7.3    The duty of good faith requires an insurer to conduct a reasonable investigation before
14 refusing to pay a claim submitted by its insured. An insurer must also have a reasonable
15 justification before refusing to pay a claim. An insurer who refuses to pay a claim, without
16 conducting a reasonable investigation or without having a reasonable justification, fails to act in
17 good faith.

18 7.4    Commonwealth had a duty to investigate, evaluate, and decide the Association's claim in
19 good faith. Commonwealth breached its duty by unreasonably investigating, evaluating, and/or
20 denying the claim by, among other things: (1) failing to acknowledge that weather conditions such
21 as rain or wind-driven rain were one of the causes of the hidden damage at the 8501 condominium
22 complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are
23 covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under
24 its policy(s) when damage results from a concurrent combination of rain and bad construction or
25 wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in

26
27

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT
VIOLATIONS, AND DAMAGES - 6

its policy(s); and (5) failing to define terms in the Commonwealth policy pursuant to the plain meaning of the terms.

7.5     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Commonwealth's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Commonwealth to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Commonwealth to adopt and implement reasonable standards for the prompt investigation of claims.

7.6     Commonwealth's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Commonwealth's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII.   FOURTH CLAIM: AGAINST COMMONWEALTH FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2     Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of Commonwealth was deceptive, impacted the public, and

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Commonwealth's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

## IX.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1    Declaratory Judgment Regarding Coverage.  A declaratory judgment that the 8501 Policies provide coverage as described herein.

9.2    Money Damages.  For money damages against each of the 8501 Insurers for the cost of investigating and repairing hidden damage at the 8501 condominium complex in an amount to be proven at trial, as well as money damages against Commonwealth for breach of the duty of good faith in an amount to be proven at trial.

9.3    Attorneys' Fees and Costs of Suit.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4    CPA Penalties.  For CPA penalties against Commonwealth of up to $25,000 per violation.

9.5    Other Relief.  For such other and further relief as the Court deems just and equitable.

## X.    DEMAND FOR JURY TRIAL

10.1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dates the 4th day of October, 2022.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ Daniel J. Stein
/s/ Justin D. Sudweeks
/s/ Jerry H. Stein
/s/ Cortney M. Feniello
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 8

Jerry H. Stein, WSBA #27721
Cortney M. Feniello, WSBA #57352
16400 Southcenter Parkway, Suite 410
Tukwila, WA 98188
Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: cfeniello@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT
VIOLATIONS, AND DAMAGES - 9